UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVI E. ROBERTSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), WACHOVIA BANK, N.A., and MATTHEW PIZZOLATO,<br><br>Defendants | NO.:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453, Sun Life Assurance Company of Canada (U.S.) ("Sun Life")[1] removes to this Court the above-captioned civil action, formerly pending in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, Civil Action No. 2008-0003165, Division "D." As grounds for removal, Sun Life states the following:

### INTRODUCTION

1. Plaintiff Levi E. Robertson ("Robertson") is a resident of Louisiana.

2. On October 9, 2008, Robertson filed this action against Sun Life Financial, Sun Life Assurance Company of Canada, Sun Life Administrators, (U.S.), Inc., Wachovia Bank, N.A. ("Wachovia"), Capitol One Bank, N.A. ("Capitol One"), and Matthew Pizzolato ("Pizzolato"), asserting Louisiana state common law claims. A copy of the original Petition for Damages ("Petition") is attached as Exhibit A (Petition for Damages) ("Ex. A").

---

[1] Sun Life Assurance Company of Canada (US) has changed its name to Delaware Life Insurance Company.

00400650                                    1

3. Sun Life is the only remaining defendant in this matter. On July 9, 2009, the district court granted Capitol One's motion to dismiss. *See* Exhibit H (Reasons for Judgment); Exhibit I (Judgment). The dismissal was upheld on appeal. *See Robertson v. Sun Life Fin.*, 2009-2275 (La. App. 1 Cir. 6/11/10), 40 So. 3d 507, 514-515. On March 10, 2014, the court granted Robertson's motion to dismiss the claims against Sun Life Financial and Sun Life Administrators (U.S.), Inc. *See* Exhibit J (Order Granting Motion to Dismiss). Neither Wachovia nor Pizzolato has entered an appearance or filed an answer.

4. Robertson has amended the Petition three times. *See* Exhibit B (First Amended and Supplemental Petition for Damages) ("Ex. B"); Exhibit C (Second Amending and Supplemental Petition) ("Ex. C"); Exhibit D (Third Amending and Supplemental Petition) ("Ex. D").

5. On February 15, 2017, Robertson moved for leave to amend the Petition a fourth time to add new claims against Sun Life. *See* Exhibit E (Motion for Leave to File Fourth Amended and Supplemental Petition for Damages). Robertson's motion was granted on February 27, 2017. *See* Exhibit G (Order Granting Motion for Leave to Amend). In the amendment, Robertson asserts, for the first time, that Sun Life violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, as well as the Louisiana state equivalent. *See* Exhibit F (Fourth Amended and Supplemental Petition for Damages) ("Ex. F"). Robertson also proposes, for the first time, to represent a class of persons similarly aggrieved. *See id.*

6. Sun Life now removes this action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453.

**FIRST GROUND FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

7. This Court has removal jurisdiction over this action because the Fourth Amended and Supplemental Petition for Damages raises a question of federal law. Under 28 U.S.C. § 1441(a), defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* District courts "have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Here, the Fourth Amended and Supplemental Petition asserts that Sun Life violated the federal RICO law, 18 U.S.C. §§ 1961-68. Accordingly, this Court has removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441. *See Markey v. A.M.E. Servs., Inc.*, No. CIV.A. 12-1803, 2012 WL 5289357, at *2 (E.D. La. Oct. 24, 2012) (noting that RICO claim forms proper basis for removal).

9. The Court has supplemental jurisdiction over Robertson's state common law claims under 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." *Id.* Here, Robertson's claims all arise from an alleged fraudulent investment scheme designed and carried out by Pizzolato and his father, a broker appointed to sell Sun Life insurance products. *See* Ex. A, ¶¶ 1-10; Ex. B, ¶¶ 15-17; Ex. D, ¶¶ 1-5; Ex. F, ¶¶ 19-30. Robertson alleges that Pizzolato convinced him to transfer his "entire lifetime retirement savings" to a Sun Life fixed index annuity account, Ex. B, ¶ 15-16, made unauthorized withdrawals from the account, Ex. A, ¶ 8, and transferred the funds to "unsafe, unsecured, and ultimately fraudulent companies," Ex. F, ¶¶ 21-22. Because Robertson's claims all "derive from a common nucleus of operative facts," this Court has supplemental jurisdiction over the state law claims. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221 (5th Cir. 2012).

10. No other party's consent is required for removal. Under 28 U.S.C. § 1441(c)(2), "[o]nly defendants against whom a [federal] claim . . . has been asserted are required to join in or consent to the removal." *Id.* Sun Life is the only RICO defendant. Further, there is no indication that Robertson even attempted to serve any other defendant with the Fourth Amended and Supplemental Petition that contains the RICO claim. *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (even when federal claim asserted against defendant, that "defendant's failure to join in the removal petition [was] not a bar to the federal court's

jurisdiction" because he "was not even served until after the case had been removed"). Finally, regardless, all other defendants named in the Petition in 2008 have either been dismissed (*i.e.*, the other Sun Life entities and Capitol One), or never entered an appearance, filed an answer, or otherwise indicated that they are aware of this action (*i.e.*, Wachovia and Pizzolato). *See Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) (allegation that defendant failed to enter an appearance "was sufficient" to trigger "the non-service exception" to the unanimity requirement).

## SECOND GROUND FOR REMOVAL: CLASS ACTION JURISDICTION

11. This Court also separately has removal jurisdiction over this action under the Class Action Fairness Act ("CAFA"). Under 28 U.S.C. § 1332(d), a putative "class action" may be removed to the appropriate United States District Court if, in relevant part, the case "involve[s] an aggregate amount in controversy of at least $5 million and present[s] at least minimal diversity of parties," that is, if any member of the putative class is a citizen of a state different from any defendant. *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 706 (5th Cir. 2008) (citations omitted).

12. Each of these requirements is satisfied here. This action is a putative "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a) because Robertson seeks to bring it "on behalf of others similarly situated," Ex. F, at 3, and requests that the class be certified under Louisiana Code of Civil Procedure Article 591, which is a "statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

13. The Fourth Amended and Supplemental Petition expressly places more than $5,000,000 in controversy. *See* Ex. F, ¶ 33 (amount in controversy up to $19.5 million).

14. The requisite "minimum diversity" of citizenship exists under §§ 1332(d)(2)(A) and (d)(7). Robertson, a citizen of Louisiana, seeks to represent a class whose members are all alleged to be residents of Louisiana. *See* Ex. F, ¶ 34 (defining putative class). Sun Life is a citizen of Delaware and Massachusetts because it is a corporation incorporated under the laws of

Delaware, and has a principal place of business in Waltham, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Because Sun Life is a citizen of a state different from at least one putative class member, the "minimum diversity" requirement is satisfied.

15. The exclusions of 28 U.S.C. § 1332(d)(5)(A) and 1332(d)(5)(B) do not apply, s*ee* Ex. F, ¶ 33 (asserting that class is "reasonably believed" to be comprised of "approximately 160 investors"), and the consent of the remaining defendants is not necessary to remove the case under CAFA, *see* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . by any defendant without the consent of all defendants.").

16. There is no basis for this Court to decline jurisdiction under 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4). Section 1332(d)(3) does not apply because the putative class is comprised solely of Louisiana residents. *See* Ex. F, ¶ 34. Section 1332(d)(4) does not apply because Sun Life, a citizen of Delaware and Massachusetts, is the primary defendant, and the only defendant from whom significant relief is sought. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II) (no jurisdiction where at least one defendant "from whom significant relief is sought" is a "citizen[] of the State in which the action was originally filed"); 28 U.S.C. § 1332(d)(4)(B) (no jurisdiction where all primary defendants "are citizens of the State in which the action was originally filed"). Pizzolato, the only named defendant who is a citizen of Louisiana, does not qualify as a defendant from whom significant relief is sought. He was sentenced to 30 years' incarceration in 2010 and is almost certainly judgment proof. *See Robinson v. Cheetah Transp.*, No. CIV.A. 06-0005, 2006 WL 468820, at *3-*4 (W.D. La. Feb. 27, 2006), *report and recommendation adopted*, No. CIV.A. 06-0005, 2006 WL 1453036, at *3-*4 (W.D. La. May 17, 2006) (comparing "each defendant's ability to pay a potential judgment" and denying motion to remand because only in-state defendant was an individual unlikely to have means to pay). Even if that was not the case, Robertson's conduct over the last decade refutes his cursory assertion

that he seeks significant relief from Pizzolato, *see* Ex. F, ¶ 34.  Though Pizzolato has failed to enter an appearance since the Petition was filed in 2008, Robertson has not sought a default judgment against him or made any other attempt to seek relief – significant or otherwise.  Accordingly, § 1332(d)(4) does not apply.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

17. This Notice of Removal was filed within 30 days of the receipt of the Motion for Leave to File Fourth Amended and Supplemental Petition for Damages and the proposed amendment, which first set forth Plaintiff's federal and class claims.  Accordingly, removal is timely under 28 U.S.C. § 1446(b)(3).

18. Removal to this District is proper under 28 U.S.C. § 1441(a), since the U.S. District Court for the Eastern District of Louisiana embraces the place where the state court action was formerly pending.

19. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Sun Life in the state court action are attached hereto.

20. Pursuant to 28 U.S.C. § 1446(d), Sun Life has served this Notice of Removal on the Plaintiff and has filed a Notice of Defendant's Notice of Removal with the 21st Judicial District Court.

WHEREFORE, Sun Life prays that this action be removed to this Court.

                                      Respectfully submitted,

                                      IRWIN FRITCHIE URQUHART & MOORE, LLC

                                      */S/ Edward W. Trapolin*
                                      EDWARD W. TRAPOLIN (#27667)
                                      KELLY JUNEAU ROOKARD (#30573)
                                      400 Poydras Street, Suite 2700
                                      New Orleans, Louisiana 70130
                                      Telephone: (504) 310-2100
                                      Facsimile: (504) 310-2101

                                      *Attorneys for Sun Life Assurance Company of*
DATED: March 15, 2017                *Canada (U.S.)*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on **March 15, 2017**, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                        */s/ Edward W. Trapolin*