UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEVI E. ROBERTSON, on behalf of himself and all other similarly situated

CIVIL ACTION

VERSUS

NO. 17-2148

SUN LIFE FINANCIAL, ET AL.

SECTION "R" (1)

## ORDER AND REASONS

Defendant Sun Life Assurance Company of Canada (U.S.) moves to dismiss plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act and the Louisiana Racketeering Act.[1] Because these claims are barred by the statute of limitations, the Court grants the motion.

## I. BACKGROUND

This case arises out of allegedly fraudulent withdrawals from Plaintiff Levi Robertson's annuity account.[2] Plaintiff asserts that he entered into a ten-year annuity contract with Defendant Sun Life Assurance Company of

---

[1] R. Doc. 23.
[2] R. Doc. 1-1 at 2-3; R. Doc. 1-6 at 3.

Canada (Sun Life) in July 2005.³ Plaintiff alleges that, beginning in October 2005, money was fraudulently withdrawn from his account.⁴

On October 9, 2008, plaintiff filed a petition for damages in state court.⁵ This petition alleged that Defendant Matthew Pizzolato forged a check for $99,999.99 in plaintiff's name, and that Sun Life negligently permitted a withdrawal in this amount from plaintiff's account without contacting plaintiff to verify the transaction.⁶ Plaintiff amended his petition three times between April 2009 and March 2012 to include additional allegations regarding Pizzolato's fraudulent activities and Sun Life's breach of contract and negligence in failing to monitor plaintiff's account properly.⁷

On February 27, 2017, the state court granted plaintiff leave to file a fourth amended petition.⁸ This amended petition includes class action allegations and adds claims against Sun Life under the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Louisiana Racketeering Act.⁹ On March 15, 2017, Sun Life removed the case to this Court on the basis of

---

3   R. Doc. 1-4 at 3.  Plaintiff's petition also names as defendants Sun Life Financial and Sun Life Administrators (U.S.).  These defendants have since been dismissed from the litigation. *See* R. Doc. 1-10 at 4.
4   R. Doc. 1-1 at 2-3; R. Doc. 1-6 at 3.
5   R. Doc. 1-1.
6   *Id.* at 2-3.
7   R. Doc. 1-2; R. Doc. 1-3; R. Doc. 1-4.
8   R. Doc. 1-7 at 2.
9   R. Doc. 1-6.

federal question jurisdiction under 28 U.S.C. § 1441(a) and class action jurisdiction under 28 U.S.C. § 1332(d).[10]

Sun Life now moves to dismiss plaintiff's racketeering claims.[11]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.*

---

[10] R. Doc. 1.
[11] R. Doc. 23.

In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III.  DISCUSSION

#### A.  Statute of Limitations

Sun Life argues that plaintiff's RICO and state law racketeering claims are barred by the applicable statutes of limitations.[12] The statute of limitations for civil RICO claims is four years. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). The limitations period for civil actions under the Louisiana Racketeering Act is five years. *See* La. R.S. 15:1356(H). Plaintiff's fourth amended petition was filed in February 2017, and it alleges acts of racketeering occurring in October 2005, January

---

[12]  R. Doc. 23.

2006, and November 2007.[13]  Plaintiff does not contest that his racketeering claims are untimely unless they relate back to his earlier petitions.[14]

Federal Rule of Civil Procedure 15 allows an amended complaint to relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  A state law claim may also relate back to the original pleading if relation back would be permitted under state law.  *See* Fed. R. Civ. P. 15(c)(1)(A).  Louisiana Code of Civil Procedure article 1153 sets forth the same "conduct, transaction, or occurrence" test as Rule 15(c), and does not afford plaintiff a more liberal relation back standard than the federal rule. *See McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 863 n.22 (5th Cir. 1993) (noting that the federal and Louisiana rules on relation back are the same); *Giroir v. South La. Med. Ctr.*, 475 So. 2d 1040, 1042 (La. 1985) (explaining that article 1153 is based on Rule 15(c)).  The same analysis therefore applies to determine the timeliness of both plaintiff's federal and state racketeering claims.

---

[13]  R. Doc. 1-6 at 3.
[14]  R. Doc. 28.

5

A claim first brought in an amended complaint "will not relate back if it asserts new and distinct conduct, transactions, or occurrences as the basis for relief" and attempts "to add a new legal theory unsupported by factual claims raised in the original complaint." *McGregor*, 3 F.3d at 863-64; *see also In re Coastal Plains*, 179 F.3d 197, 216 (5th Cir. 1999) (finding no relation back where claim in amended complaint related to a separate transaction); 6A Wright & Miller, *Federal Practice and Procedure* § 1497 (3d. ed. 2017) ("[I]f plaintiff attempts to allege an entirely different transaction by amendment, Rule 15(c)(1)(B) will not authorize relation back."). Plaintiff's fourth amended petition presents a different factual scenario from his earlier pleadings, and the facts contained in prior petitions do not support his newly added federal and state racketeering claims.

To state a claim under RICO, plaintiff must allege the existence of "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). A pattern of racketeering activity "consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Id.* (internal quotation marks and citation omitted). The Louisiana Racketeering Act is based on RICO, and similarly requires a connection to an

enterprise and at least two predicate racketeering acts. *See* La. R.S. 15:1352-53; *State v. Nine Sav. Accounts*, 553 So. 2d 823, 825 (La. 1989).

Plaintiff's earlier petitions did not allege, or even suggest, that Sun Life engaged in racketeering activities. The first four petitions described fraud by Matthew Pizzolato related to a single forged check for $99,999.99, and negligence and breach of contract by Sun Life for failing to detect the fraudulent transfer.[15] Plaintiff's fourth amended petition now alleges criminal rather than negligent conduct by Sun Life, details additional fraudulent transactions, and introduces a new key actor, Sherel Pizzolato, linking Sun Life with Matthew Pizzolato.[16] In contrast to earlier allegations that Sun Life merely failed to monitor plaintiff's account, Sun Life is now accused of conducting or acquiring a racketeering enterprise.[17] The transaction or occurrence at issue has metamorphosed from a single fraudulent withdrawal[18] to a series of withdrawals constituting a pattern of racketeering activity.[19] Given these fundamental changes in plaintiff's factual allegations, his racketeering claims do not arise out of "the same

---

[15] R. Doc. 1-1; R. Doc. 1-2; R. Doc. 1-3; R. Doc. 1-4.
[16] R. Doc. 1-6.
[17] *Id.* at 2.
[18] R. Doc. 1-1 at 3.
[19] R. Doc. 1-6 at 3.

7

pattern of conduct identified in the original complaint." *FDIC v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994).

The Fifth Circuit and the Louisiana Supreme Court have made clear that relation back is appropriate only when the defendant had fair notice of the claims brought in the amended complaint. *See, e.g., Flores v. Cameron Co., Tex.*, 92 F.3d 258, 273 (5th Cir. 1996) ("Notice is the critical element involved in Rule 15(c) determinations.") (internal citation and quotation marks omitted); *Winford v. Conerly Corp.*, 897 So. 2d 560, 568-59 (La. 2005) (allowing relation back when the original petition provided defendant "fair notice of the factual situation out of which the amended petition arose"); *see also* 6A Wright & Miller § 1497 (explaining that "a failure of notice will prevent relation back"). Because plaintiff's earlier filings did not indicate any basis for a racketeering cause of action against Sun Life, Sun Life received no notice of these potential claims.[20]

---

[20] Plaintiff argues that he previously alleged that Sun Life was liable for participating in a complex scheme of fraudulent behavior because his first amended petition asserted that "[d]efendants named above are liable to plaintiff *in solido* for the reasons set out herein below ans [sic] as more fully describe in the case of Lea P. Kobuszewksi, et. Al. v. W. Carey Scriber et al." *See* R. Doc. 28 at 6; R. Doc. 1-2 at 2. The petition appears to cite *Kobuszewski* for the proposition that defendants are solidarily liable, and does not provide any specific notice that plaintiff was alleging Sun Life's direct participation in a fraudulent scheme. Moreover, the *Kobuszewski* case involved warranty claims against the bank defendants, and is consistent with plaintiff's original negligence and breach of contract claims

8

Plaintiff cites to several federal court decisions allowing relation back under Rule 15(c), but each of these cases involved much greater factual similarities between the original and amended complaints. In *FDIC v. Bennett*, the Fifth Circuit found that relation back was appropriate because the plaintiff "did not allege any new operative facts in the amended complaint, but only [a] new legal theory for recovery." 898 F.2d 477, 478 (5th Cir. 1990). The original and amended complaints in *Bennett* were based on the same transaction, the sale of a particular piece of land. *Id.* at 478-79. Plaintiff's reliance on RICO cases from outside the Fifth Circuit is similarly unavailing. In *Benfield v. Mocatta Metals Corp.*, the Second Circuit concluded that the amended complaint related back because the allegations in the original and amended complaints "would require evidence of the same or similar wrongful acts," and the defendant "was placed on notice that a RICO claim, based in large part on the fraud already alleged, might be made against it." 26 F.3d 19, 23 (2d Cir. 1994); *see also In re Olympia Brewing Co. Sec. Litig.*, 612 F. Supp. 1370, 1374 (N.D. Ill. 1985) (allowing relation back where the evidence supporting RICO claims was "intimately tied up with the originally alleged predicate acts of fraud"). Because plaintiff made no

---

against Sun Life. *See Kobuszewski v. Scriber*, 518 So. 2d 524 (La. App. 2 Cir. 1987).

allegations of fraud against Sun Life until the fourth amended petition, Sun Life had no similar notice of a potential RICO claim against it.

This case more closely mirrors the facts of *Tho Dinh Tran v. Alphonse Hotel Corp.*, where the Second Circuit held that a RICO claim does not relate back if the original complaint did not allege that the defendant committed any predicate racketeering acts. 281 F.3d 23, 36 (2d Cir. 2002), *overruled on other grounds by Slayton v. Am. Express Corp.*, 460 F.3d 215 (2d Cir. 2006). As in this case, the amended complaint in *Tho Dinh Tran* "introduced a significant new factual allegation that fundamentally changed the nature of the allegations, both factual and legal, that the plaintiff was asserting against the defendants." *Id.*; *see also Rosenberg v. Martin*, 478 F.2d 520, 526 (2d Cir. 1973). Other circuits have similarly rejected the relation back of claims when the amended complaint asserted a different set of factual allegations. *See Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 962 (10th Cir. 2012) (finding that the amended complaint did not relate back because it was based on "factual allegations that were new and discrete from the facts she originally pled"); *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008) (explaining that defendants lacked adequate notice of an antitrust conspiracy claim when the original complaint focused on the misconduct of a single firm).

Accordingly, the Court finds that plaintiff's federal and state racketeering claims do not arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1); *see also* La. Code Civ. Proc. art. 1153. These claims do not relate back to plaintiff's earlier petitions and are therefore barred by the statute of limitations.

B.   **Leave to Amend**

Plaintiff requests leave to amend his complaint if Sun Life's motion is granted.[21] The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182. Upon consideration

---

[21]   R. Doc. 28 at 18.

of these factors, the Court denies leave to amend. Because plaintiff's claims are barred by the statute of limitations, amendment would be futile.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS Sun Life's partial motion to dismiss. Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act and the Louisiana Racketeering Act are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __22nd__ day of September, 2017.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE