UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEVI E. ROBERTSON, on behalf of himself and all other similarly situated | CIVIL ACTION |
| VERSUS | NO. 17-2148 |
| SUN LIFE FINANCIAL, ET AL. | SECTION "R" (1) |

**ORDER AND REASONS**

Before the Court is plaintiff's amended motion to remand.[1] For the following reasons, the Court denies the motion.

**I. BACKGROUND**

This case arises out of allegedly fraudulent withdrawals from Plaintiff Levi Robertson's annuity account.[2] Robertson asserts that he entered into a ten-year annuity contract with Defendant Sun Life Assurance Company of Canada in July 2005.[3] According to Robertson's first state court petition, Defendant Matthew Pizzolato forged a check for $99,999.99 in Robertson's

---

[1]    R. Doc. 38.
[2]    R. Doc. 1-1 at 2-4; R. Doc. 1-6 at 2-5.
[3]    R. Doc. 1-4 at 3.

name, and Sun Life negligently permitted a withdrawal in this amount from Robertson's account without contacting him to verify the transaction.[4]

On October 9, 2008, Robertson filed a petition for damages in state court against Sun Life Financial, Sun Life Assurance Company of Canada, Sun Life Administrators, Wachovia Bank, Capitol One Bank, and Matthew Pizzolato.[5] Sun Life Financial, Sun Life Administrators, and Capitol One Bank have since been dismissed from this litigation.[6] Sun Life Assurance Company (Sun Life) represents that neither Wachovia Bank nor Matthew Pizzolato entered an appearance or filed an answer in state court.[7] The record reflects that the Tangipahoa Parish Sheriff's Office attempted to serve Pizzolato on October 15, 2008, but service was unsuccessful.[8] On April 1, 2010, Pizzolato pleaded guilty in federal court to multiple counts of mail fraud and other offenses.[9] Pizzolato was sentenced to 30 years imprisonment on July 22, 2010.[10]

Robertson amended his petition three times between April 2009 and March 2012 to include additional allegations regarding Pizzolato's

---

[4] R. Doc. 1-1 at 2-3.
[5] *Id.* at 2.
[6] R. Doc. 1 at 2; R.Doc. 1-8 at 4-5; R. Doc. 1-10 at 4.
[7] R. Doc. 1 at 2.
[8] R. Doc. 20-1 at 6.
[9] R. Doc. 38-3 at 1.
[10] *Id.* at 1-2.

fraudulent activities and Sun Life's breach of contract and negligence in failing to monitor Robertson's account properly.[11] On February 27, 2017, the state court gave Robertson leave to file a fourth amended petition to assert racketeering claims and to request that the case proceed as a class action.[12] Robertson's fourth amended petition asserts claims under the federal Racketeer Influenced and Corrupt Organizations Act (RICO) and the Louisiana Racketeering Act.[13] Robertson alleges that Sun Life conducted or acquired a racketeering enterprise through its agent, Sherel Pizzolato.[14] According to the petition, this enterprise involved setting up individual retirement accounts with Sun Life and then transferring money from these accounts to unsafe and fraudulent companies and accounts created by Sherel Pizzolato and his son, Matthew Pizzolato.[15] Robertson asserts that other investors were similarly affected by this enterprise, and he seeks to bring his claims as a class action.[16]

On March 15, 2017, Sun Life removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and class action

---

[11] R. Doc. 1-2; R. Doc. 1-3; R. Doc. 1-4.
[12] R. Doc. 1-7 at 2.
[13] R. Doc. 1-6 at 3 ¶¶ 27-28.
[14] *Id.* at 2 ¶¶ 19-21.
[15] *Id.* at 2 ¶ 21.
[16] *Id.* at 3-4 ¶¶ 31-32.

jurisdiction under 28 U.S.C. § 1332(d).[17] On September 22, 2017, the Court dismissed Robertson's state and federal racketeering claims as time-barred.[18] Robertson now moves to remand to state court.[19]

## II. DISCUSSION

Robertson argues that this matter should be remanded because the Court dismissed his sole federal claim and this matter falls within the local controversy exception to the Class Action Fairness Act (CAFA).[20] Sun Life opposes remand and contends that the Court retains federal jurisdiction under CAFA.[21]

### A. Class Action Fairness Act

CAFA grants federal courts original jurisdiction over class actions in which the matter in controversy exceeds $5 million, at least one plaintiff class member is diverse from at least one defendant, and there are at least 100 proposed class members. 28 U.S.C. § 1332(d). To determine whether a class action meets the $5 million threshold, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). CAFA jurisdiction

---

[17] R. Doc. 1.
[18] R. Doc. 32.
[19] R. Doc. 38.
[20] *Id.*
[21] R. Doc. 39.

4

"depends on the pleadings at the time the class action is removed." *Cedar Lodge Plantation, LLC v. CSHV Fairway View I, LLC*, 768 F.3d 425, 426 (5th Cir. 2014).

Robertson does not contest that his class action complaint met the prima facie requirements for CAFA jurisdiction at the time of removal.[22] Minimal diversity exists because Robertson is a citizen of Louisiana and Sun Life is a citizen of Delaware and Massachusetts.[23] Robertson's class action complaint asserts that the number of persons damaged by the activities described in the lawsuit "is reasonably believed to [be] numerous as the State of Louisiana identified approximately 160 investors with losses of approximately $19.5 million when prosecuting Matthew Pizzolato for his role in this enterprise."[24] Robertson asserts claims under federal and state racketeering laws, and requests "general, special, and punitive and/or exemplary damages."[25] The Court finds that the complaint makes it facially apparent that this matter involves at least 100 proposed class members and over $5 million in controversy. *See Frazier v. Pioneer Americas LLC*, 455

---

[22] R. Doc. 38-1 at 3.
[23] R. Doc. 1 at 4-5 § 14; R. Doc. 1-1 at 2,
[24] R. Doc. 1-6 at 4 ¶ 33.
[25] *Id.* at 3-4.

F.3d 542, 545 (5th Cir. 2006); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Thus, this matter satisfies CAFA's prima facie criteria.

### B. Local Controversy Exception

Robertson argues that the Court nevertheless lacks class action jurisdiction because of CAFA's local controversy exception.[26] This provision requires federal courts to decline jurisdiction when a case satisfies four requirements: (1) more than two-thirds of the proposed class members are citizens of the original forum state; (2) the plaintiff class seeks "significant relief" from at least one defendant who is a citizen of the original forum and whose alleged conduct forms a significant basis for the claims asserted; (3) the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred" in the original forum; and (4) no similar class action has been filed in the three-year period preceding the filing of the class action. 28 U.S.C. § 1332(d)(4)(A). The local controversy exception is "intended to be narrow, with all doubts resolved in favor of exercising jurisdiction over the case." *Opelousas Gen. Hosp. Auth. v. FairPay Solu., Inc.*, 655 F.3d 358, 360 (5th Cir. 2011) (internal citation omitted). The plaintiff bears the burden of establishing that the exception applies. *Id.*; *see also Frazier,* 455 F.3d at 546.

---

[26] R. Doc. 38.

The parties primarily dispute the existence of a significant local defendant. Robertson asserts that the plaintiff class seeks significant relief from Matthew Pizzolato, a citizen of Louisiana whose actions are central to the suit.[27] The Court finds that Matthew Pizzolato's conduct forms a significant basis for the class claims because he is alleged to have worked in concert with his father, Sherel Pizzolato, to set up the fraudulent companies and accounts that harmed putative class members.[28] Matthew Pizzolato's conduct appears to have affected all members of the putative class.[29] *Cf. Opelousas Gen. Hops. Auth.*, 655 F.3d at 362.

But Robertson has not satisfied his burden of demonstrating that Matthew Pizzolato is a defendant "from whom significant relief is sought by members of the plaintiff class." 28 U.S.C. § 1332(d)(4)(II)(aa). The class action complaint names Sun Life Financial, Sun Life Assurance Company, and Sun Life Administrators as "Racketeering Defendants."[30] Matthew Pizzolato is not a named racketeering defendant. The complaint asserts that the Racketeering Defendants conducted a racketeering enterprise through their agent, Sherel Pizzolato.[31] The class action allegations are directed at

---

27    R. Doc. 38-1 at 3-4.
28    R. Doc. 1-6 at 2 ¶¶ 21-22, 3 ¶ 31.
29    *Id.* at 4 ¶ 33.
30    *Id.* at 2 ¶ 19.
31    *Id.* at 2 ¶¶ 19-21.

the Racketeering Defendants, not Matthew Pizzolato. Specifically, the complaint asserts that "Mr. Robertson was not the only person affected by the Racketeering Defendants['] actions; rather, the Racketeering Defendants' and Sherel Pizzolato's actions and scheme . . . was far reaching."[32] Robertson further alleges that he is "aware of at least two other investors similarly situated where the Racketeering Defendants[] and Sherel Pizzolato[] acted and schemed to consult, advise, implement the business enterprise of setting up retirement accounts with Sun Life and then proceeded to make withdrawals from the accounts to unsafe, unsecured, and ultimately fraudulent companies and accounts."[33] The complaint states that the class members share "common causes of action, including state and federal racketeering laws."[34]

On the face of the complaint, Robertson asserts federal and state racketeering claims against Sun Life on behalf of a class of similarly situated investors.[35] The complaint does not identify any other class-wide causes of action. Although Matthew Pizzolato is mentioned several times in the

---

[32] *Id.* at 3 ¶ 31.
[33] *Id.* at 3-4 ¶ 32.
[34] *Id.* at 4 ¶ 32.
[35] That the Court later dismissed Robertson's racketeering claims is immaterial because CAFA jurisdiction is determined at the time of removal. *See Cedar Lodge*, 768 F.3d at 426-27.

complaint, he is not named as one of the Racketeering Defendants and does not appear to be the target of the class claims. That Robertson seeks to recover from Sun Life based on Sherel Pizzolato's and Matthew Pizzolato's alleged misconduct does not transform the Pizzolatos into racketeering defendants. *See, e.g.*, *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993) (holding that a defendant is not liable under 18 U.S.C. § 1962(c) of RICO "unless [he] has participated in the operation or management of the enterprise itself"). Robertson's RICO Case Statement confirms that Sun Life is the sole RICO defendant, and Sherel Pizzolato and Matthew Pizzolato are non-defendant alleged wrongdoers.[36]

The sole indication that Matthew Pizzolato is a defendant in the class action is the complaint's conclusory statement that "petitioner seeks significant relief from a defendant that is in the State of Louisiana, namely, Matthew Pizzolato."[37] This bare assertion fails to satisfy Robertson's burden of proof to show the applicability of the local controversy exception. In the absence of an identifiable class-wide cause of action against Matthew Pizzolato, Robertson's generic demand for damages from each of the

---

36 R. Doc. 5 at 1-2 ¶ 2-3; R. Doc. 22 at 1-2 ¶ 2-3.
37 R. Doc. 1-6 at 4 ¶ 34.

9

defendants[38] is insufficient to demonstrate that the class seeks significant relief from Matthew Pizzolato individually.

Further, Robertson has failed to establish that Matthew Pizzolato remained a defendant to any claim at the time of removal. Although Robertson's 2008 petition named Matthew Pizzolato as a defendant, Sun Life represents that Pizzolato was never served with process, never appeared in state court, and never participated in discovery.[39] Robertson does not dispute these representations. The class action complaint requests service on Sun Life's attorney, but does not request service on Pizzolato.[40] Under Louisiana law, "[a]n action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." La. Code Civ. Proc. art. 561(A)(1). Abandonment "occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order." *Clark v. State Farm Mut. Auto. Ins. Co.*, 785 So. 2d 779, 784 (La. 2001); *see also* La. Code Civ. Proc. art. 561(A)(3). A plaintiff's "post-abandonment actions cannot serve to revive an abandoned action." *Clark*, 785 So. 2d at 789.

---

[38]   *Id.* at 4.
[39]   R. Doc. 1 at 6 ¶ 16; R. Doc. 39 at 3, 10.
[40]   R. Doc. 1-6 at 5.

It is undisputed that Robertson failed to take any steps to prosecute his case against Pizzolato for over three years before filing his class action complaint. Pizzolato never participated in this litigation, and has therefore not taken any steps in his defense. Louisiana law recognizes "two jurisprudential exceptions to the abandonment rule." *Clark*, 785 So. 2d at 784. These exceptions apply when the plaintiff's "failure to prosecute is caused by circumstances beyond the plaintiff's control," or the "defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned." *Id.* at 784-85. Robertson does not suggest that either of these exceptions applies, nor does he provide any explanation for his failure to serve Pizzolato.[41]

Robertson instead argues that the abandonment statute applies to actions rather than parties, and therefore any step by any party precludes abandonment as to all parties.[42] The Louisiana Supreme Court has held that "[w]hen any party to a lawsuit takes formal action in the trial court, it is effective as to all parties." *Delta Dev. Co., Inc. v. Jurgens*, 456 So. 2d 145, 146 (La. 1984). This rule applies to unserved parties if the unserved party

---

[41] Robertson asserts that his decision not to seek a default judgment against Pizzolato could be strategic, but he does not explain the lack of service. *See* R. Doc. 38-1 at 6.

[42] R. Doc. 44 at 1.

has participated in the litigation through discovery. *See Bissett v. Allstate Ins. Co.*, 567 So. 2d 598 (La. 1990); *Bissett v. Allstate Ins. Co.*, 560 So. 2d 884, 886-87 (La. App. 1 Cir. 1990) (Shortess, J., dissenting); *see also Bridges v. Wilcoxon*, 786 So. 2d 264, 268 (La. App. 2 Cir. 2001).

But the Louisiana Supreme Court has not addressed whether a step in the prosecution of a case against an active defendant interrupts abandonment as to defendants who have never been served, never appeared, and never participated in discovery or any other aspect of the litigation. Robertson filed his case in Tangipahoa Parish, in Louisiana's First Circuit.[43] The state Court of Appeal for the First Circuit has held that the "law of [the] circuit" is that "a step in the prosecution or defense of a case is ineffective as to **unserved** defendants." *Stevens v. Chen*, No. 2011 CA 1486, 2012 WL 2060878, at *5 (La. App. 1 Cir. 2012) (emphasis in original); *see also Murphy v. Hurdle Planting & Livestock*, 331 So. 2d 566, 568 (La. App. 1 Cir. 1976). The Court therefore finds it more likely than not that Robertson's state court action against Pizzolato was automatically abandoned before the class action complaint was filed, and before this case was removed.

In sum, Robertson has failed to satisfy his burden of demonstrating that the putative class seeks significant relief from Matthew Pizzolato. The

---

[43] R. Doc. 1-1.

class action complaint asserts racketeering claims against Sun Life, not Pizzolato, and Robertson has failed to identify any class-wide cause of action against Pizzolato. Moreover, Robertson's case against Pizzolato appears abandoned as a matter of Louisiana law. Because this matter does not satisfy the requirements of the local controversy exception, the Court retains CAFA jurisdiction. The motion to remand must be denied.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the motion to remand.

New Orleans, Louisiana, this __22nd__ day of January, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE