UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEVI E. ROBERTSON, on behalf of himself and all other similarly situated

CIVIL ACTION

VERSUS

NO. 17-2148

SUN LIFE FINANCIAL, ET AL.

SECTION "R" (1)

## ORDER AND REASONS

Plaintiff Levi Robertson moves to amend his complaint[1] and to set a class certification schedule.[2] For the following reasons, the Court denies both motions.

## I. BACKGROUND

This case arises out of allegedly fraudulent withdrawals from Robertson's annuity account with Defendant Sun Life Assurance Company of Canada.[3] On October 9, 2008, Robertson filed suit in state court against Sun Life, Matthew Pizzolato, and other defendants.[4] In his original petition,

---

[1] R. Doc. 54.
[2] R. Doc. 53.
[3] R. Doc. 1-1 at 2-4; R. Doc. 1-6 at 2-5.
[4] R. Doc. 1-1 at 2. Defendants Sun Life Financial, Sun Life Administrators, and Capitol One Bank were dismissed from this litigation before removal to federal court. *See* R. Doc. 1 at 2; R. Doc. 1-8 at 4-5; R. Doc. 1-10 at 4. Defendants Wachovia Bank and Matthew Pizzolato have never entered an appearance in this case. *See* R. Doc. 1 at 2.

Robertson alleged that Pizzolato forged a check for $99,999.99 in Robertson's name, and Sun Life negligently permitted a withdrawal in this amount from Robertson's annuity account without contacting him to verify the transaction.[5] Robertson's negligence claims against Sun Life were later dismissed with prejudice in state court. *See Robertson v. Sun Life Fin.*, 187 So. 3d 473, 475 (La. App. 1 Cir. 2013).

In March 2012, Robertson filed a third amended petition in state court asserting a breach of contract claim against Sun Life.[6] Robertson alleges that he entered into a ten-year annuity contract with Sun Life in July 2005, and that Sun Life breached this contract by failing to secure his investment through the use of normal industry standards.[7] On February 27, 2017, Robertson filed a fourth amended petition asserting state and federal racketeering claims against Sun Life, and requesting that the case proceed as a class action.[8]

On March 15, 2017, Sun Life removed this matter to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and class action jurisdiction under 28 U.S.C. § 1332(d).[9] On September 22, 2017, the

---

[5] R. Doc. 1-1 at 2-3.
[6] R. Doc. 1-4 at 3.
[7] *Id.* at 3-4.
[8] R. Doc. 1-6; R. Doc. 1-7 at 2.
[9] R. Doc. 1.

Court dismissed with prejudice Robertson's state and federal racketeering claims as time-barred.[10] On January 22, 2018, the Court denied plaintiff's motion to remand to state court.[11] Robertson now moves to amend his complaint.[12] He also moves to establish a class certification schedule.[13] Sun Life opposes both motions.[14]

## II. DISCUSSION

### A. Leave to Amend

Robertson requests leave to file a fifth amended complaint to include additional class action allegations.[15] The operative class action complaint currently states that "[t]here are questions of fact and law common to the class members that include, but are not limited to, the common causes of action, including state and federal racketeering laws, issues of the liability of the defendants and the type of damages sustained by the class members."[16] As the Court noted in its order denying remand, this complaint asserts class action racketeering claims against Sun Life, and does not identify any other

---

[10] R. Doc. 32.
[11] R. Doc. 48.
[12] R. Doc. 54.
[13] R. Doc. 53.
[14] R. Doc. 55.
[15] R. Doc. 54.
[16] R. Doc. 1-6 at 4.

3

class-wide causes of action.[17] Robertson now states that he wishes to file an amended complaint to allege class claims that mirror his individual claims.[18] Because his racketeering claims have been dismissed, Robertson's sole remaining claim against Sun Life is for breach of contract.

The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). A party requesting amendment must "set forth with particularity the grounds for the amendment and the relief sought." *United States, ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 331 (5th Cir. 2003) (internal quotation omitted). The Court considers multiple factors before granting leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

---

[17] R. Doc. 48 at 8-9.
[18] R. Doc. 54-1 at 3.

These factors weigh heavily against granting leave to amend. Robertson seeks to add new class action allegations nearly ten years after filing suit, and six years after first asserting a breach of contract claim in his third amended petition.[19] Robertson fails to explain this prolonged delay. *See In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467, 467 n.12 (5th Cir. 2012) (finding that leave to amend was properly denied when the party seeking to amend had been aware of the grounds for the claim for at least one year). Moreover, the deadline to file amended pleadings set out in the Court's scheduling order was December 4, 2017.[20] Robertson has not shown good cause for failing to meet this deadline. *See* Fed. R. Civ. P. 16(b)(4).

Further, Robertson has already amended his complaint four times, and thus had numerous opportunities to assert a breach of contract claim on a class basis. Permitting Robertson to bring new class claims at this stage of the litigation will unduly prejudice Sun Life. *See Mayeux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (explaining that amendments that "involve new theories of recovery and impose additional discovery requirements" are likely to unduly prejudice defendants (internal quotation omitted)).

---

[19] R. Doc. 1-1 at 2; R. Doc. 1-4 at 3.
[20] R. Doc. 45 at 2.

The factors discussed above are sufficient to warrant denying leave to amend. But the Court also finds that amendment would be futile because Robertson's proposed amendment fails to support a reasonable inference that he can satisfy the minimum requirements to maintain a class action under Federal Rule of Civil Procedure 23(a). *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1033 (6th Cir. 1992); *see also John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445, 445 n.4 (5th Cir. 2007). Robertson has not provided a proposed amended complaint, but his motion lists several allegations he wishes to make on behalf of the putative class.[21]

Robertson's proposed allegations conclusorily assert that the class members share "common causes of action," but he fails to identify any specific common cause of action. *See* Fed. R. Civ. P. 23(a)(3) (requiring that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class"); *see also* E.D. La. Civ. R. 23.1(A) (providing that a class action complaint must include the "alleged questions of law or fact claimed to be common to the class"). Neither the fourth amended petition, nor Robertson's proposed allegations, specifically allege that Sun Life entered into contracts with other putative class members. There is thus no

---

[21] R. Doc. 54-1 at 3.

basis to infer that other putative class members had contracts with Sun Life similar to Robertson's contract, or that Sun Life breached those contracts.

Further, neither Robertson's complaint, nor his proposed allegations, indicate that "the class is so numerous that joinder of all members is impracticable." *See* Fed. R. Civ. P. 23(a)(1). Robertson identifies only two other investors that he alleges are similarly situated to him.[22] Although the fourth amended petition states that approximately 160 investors suffered losses because of Matthew Pizzolato's fraudulent activities, there is no allegation that these investors had contracts with Sun Life.[23]

Because the factors set out in *Foman v. Davis* strongly counsel against permitting amendment, the Court denies leave to amend. 371 U.S. at 182.

### B. Class Certification Schedule

Robertson moves to set a class certification schedule.[24] The local rules of this district require that a plaintiff move for class certification "[w]ithin 91 days after filing of a complaint in a class action or filing of a notice of removal of the class action from state court, whichever is later, . . . unless this period is extended upon motion for good cause and order by the court." E.D. La. Civ. R. 23.1(B). This matter was removed from state court over one year

---

[22] R. Doc. 1-6 at 3; *see also* R. Doc. 53-1 at 2.
[23] R. Doc. 1-6 at 4.
[24] R. Doc. 53.

ago.[25] The Court thus construes Robertson's motion as a motion for extension of time to move for class certification.

In a previous order, the Court directed that any motion to set a class certification schedule identify what, if any, class claims remain in the case following the dismissal of Robertson's racketeering claims.[26] The Court explained that it would not entertain arguments based on allegations not contained in the complaint.[27] In his motion, Robertson fails to point to any specific language in the fourth amended petition identifying class claims beyond racketeering claims. Robertson instead asserts that his class action complaint "alleged that all his claims should proceed as a class."[28] But this allegation does not appear in the fourth amended petition. As explained above, the fourth amended petition does not specifically assert a class claim for breach of contract, and does not contain factual allegations that could support such a claim.

Because Robertson fails to identify any class claim remaining in this case, the Court perceives no good cause to extend the class certification deadline. Moreover, Robertson fails to explain his delay in timely requesting

---

[25] R. Doc. 1.
[26] R. Doc. 52.
[27] *Id.*
[28] R. Doc. 53-1 at 3.

an extension of the deadline to move for class certification. Robertson notes that Sun Life previously agreed to set a class certification schedule.[29] But the parties may not extend a deadline imposed by the local rules without permission of the Court. *See, e.g., Harper v. Am. Airlines, Inc.*, No. 09-318, 2009 WL 4858050, at *3 (N.D. Tex. 2009) (explaining that the deadline to move for class certification "is one imposed by the Federal Rules and this Court's local rules and the parties may not alter it by an undisclosed agreement"). Accordingly, Robertson's motion to set a class certification schedule is denied.

### III. CONCLUSION

For the foregoing reasons, the motion for leave to amend is DENIED. The motion to set a class certification schedule is also DENIED.

New Orleans, Louisiana, this __25th__ day of May, 2018.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[29] *Id.* at 4-5.

9